Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:    (619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
**Law Offices Of Douglas J. Campion**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sara Khosroabadi, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DIRECTV, Inc.,<br><br>　　　　　　　Defendant. | **Case Number:** 08-CV-1018 BEN(JMA)<br><br>**Class Action**<br><br>**First Amended Complaint For Damages And Injunctive Relief Pursuant To 47 U.S.C. § 227 Et Seq. (Telephone Consumer Protection Act)**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Sara Khosroabadi ("Plaintiff") brings this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of DIRECTV, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of San Diego.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of San Diego.

5. Plaintiff is informed and believed, and thereon alleges, that Defendant DIRECTV, Inc. is, and at all times mentioned herein was, a California Corporation whose headquarters are located at 2230 East Imperial Highway, El Segundo, California, and is authorized to do business in the State of California, and does business in the County of San Diego, California.

## FACTUAL ALLEGATIONS

6. At all times relevant Plaintiff was an individual residing within the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

7. Defendant is, and at all times mentioned herein was, a corporation or other legal entity, and a "person," as defined by 47 U.S.C. § 153 (10).

8. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of San Diego.

9. On at least two occasions prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

10. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

11. Plaintiff's telephone number called by Defendant was assigned to a cellular telephone service and for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

12. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

13. These telephone calls constituted calls for solicitation purposes.

14. Plaintiff did not provide prior express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

17. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or their agents to said person's cellular telephone made through the use of any

automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.

18. Defendant and its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

19. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members. Plaintiff and the Class were damaged thereby.

20. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

21. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

22. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any calls (other than calls made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, and whether such calls were not otherwise exempt from the TCPA's requirements.

    b. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

23. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

24. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

25. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in

individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

27. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

### BY PLAINTIFF AGAINST DEFENDANT

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff and the Class Members also seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

### BY PLAINTIFF AGAINST DEFENDANT

32. Plaintiff incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class Members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff and the Class Members also seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. As a further result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

38. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member treble damages,

as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. As a further result of Defendant's knowing and willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### TRIAL BY JURY

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: July 8, 2008         **Hyde & Swigart**

                           By: /s/ Robert L. Hyde
                               Robert L. Hyde, Esq.

Date: July 8, 2008         **Law Offices of**
                           **Douglas J. Campion**

                           By: /s/ Douglas J. Campion
                               Douglas J. Campion, Esq.

                               Attorneys for the Plaintiff

1  *Re: Khosroabadi v. DIRECTV Inc.,*
   *United States District Court, Southern District of California*
2  Case No.: 08CV 1018 BEN JMA

3                              **PROOF OF SERVICE**

4  I, Luisa Parra, declare as follows:

5  I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego, California where the mailing occurs: My business address is 411 Camino Del Rio South, Suite 301 San Diego, CA 92108-3551. I am readily familiar with our business' practice of collecting, processing and

6  mailing of correspondence and pleadings for mail with the United Postal Service.

7  On June 5, 2008, I served the foregoing document(s) described as

8  **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. SECTION 227 ET SEQ.**
9  **(TELEPHONE CONSUMER PROTECTION ACT)**

10 On the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

11              Directv Group, Inc., and Directv Holdings, LLC
                CSC – Lawyers Incorporating Service
12              2730 Gateway Oaks Dr., Ste. 100
                Sacramento, CA 95833

13

14  ☐  BY MAIL, by placing a copy thereof in a separate envelope for each addressee named above, addressed to each addressee respectively, and then sealed each envelope and, with the postage thereon fully prepaid, deposited each in the United States mail at San Diego,
15     California in accordance with our business' practice.

16  ☐  BY PERSONAL SERVICE, by placing a copy thereof in a separate envelope for each addressee named above, addressed to each such addressee respectively, and caused such envelope to be
17     delivered by hand to the offices of addressee.

18  ☐  BY FACSIMILE, this document was transmitted by facsimile transmission from (619) 330-4657 and transmission was reported as complete and without error. A copy of the
19     transmission report is attached to this affidavit.

20  ☒  ELECTRONICALLY / NEF, this document was transmitted by the Internet through a Notice of Electronic Filing automatically generated by the Court Electronic Filing System Service in
21     accordance with Federal Rules of Civil Procedure 58 and 79 and Local Rules.

22  ☐  ELECTRONICALLY / EMAIL, this document was transmitted by the Internet from our office.

23  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 8, 2008, at San Diego, California.
24

25                                          _/S/ LUISA PARRA_
                                            Luisa Parra
26

27

28