J. Scott Scheper, Esq. (SBN 155477)
  scheper@scmv.com
SELTZER CAPLAN McMAHON VITEK
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:    (619) 685-3003
Facsimile:    (619) 702-6835

Melissa D. Ingalls (SBN 174861)
  mingalls@kirkland.com
Becca Wahlquist (SBN 215948)
  bwahlquist@kirkland.com
Esther H. Kim (SBN 254251)
  ehkim@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Attorneys for Defendant DIRECTV, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sara Khosroabadi, on behalf of herself and all others similarly situated<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTV, Inc.,<br><br>　　　　Defendant. | Case No. 08-CV-1018 BEN (JMA)<br><br>PUTATIVE CLASS ACTION<br><br>**DIRECTV, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 3 |

Defendant DIRECTV, Inc. ("DIRECTV") hereby answers Plaintiff Sara Khosroabadi's First Amended Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 Et Seq ("Complaint").  To the extent that any heading within Plaintiff's Complaint constitutes an allegation, that allegation is denied.

## INTRODUCTION

1. Paragraph 1 contains legal conclusions to which no response is required.  To the extent any statements in this paragraph are considered factual allegations, DIRECTV denies any factual allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. Paragraph 2 contains allegations about this Court's jurisdiction.  While DIRECTV does not believe that Plaintiff's claims have merit and does not believe that a class of all persons allegedly contacted on their cellular telephones by DIRECTV can be or should be certified, DIRECTV does not contest that the claims as alleged by Plaintiff support diversity jurisdiction under the Class Action Fairness Act ("CAFA").

3. Paragraph 3 contains allegations about venue, improperly citing to 18 U.S.C. §§ 1391(b) and 1441(a).  DIRECTV does not have any information about where Plaintiff was actually located when she allegedly received calls on her cellular telephone, and Plaintiff does not allege that she was physically within San Diego County.  Thus, to the extent DIRECTV is required at this time to respond to venue allegations, DIRECTV lacks sufficient information to determine whether venue in San Diego is proper and reserves the right to move to transfer the action.

## PARTIES

4. DIRECTV lacks sufficient information to confirm or deny the allegations contained in Paragraph 4, and on that basis denies these allegations.

5. DIRECTV admits the allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. DIRECTV lacks sufficient information to confirm or deny the allegations contained in Paragraph 6, and on that basis denies these allegations.  DIRECTV notes that 47 U.S.C.

1

1 § 153(10), the subsection referenced by Plaintiff in Paragraph 6, defines "common carrier" and not

2 "person", and thus DIRECTV denies that Plaintiff can be a "person" as defined by that subsection.

3     7.    DIRECTV admits that it is a corporation, as alleged in Paragraph 7. DIRECTV

4 notes that 47 U.S.C. § 153(10), the subsection referenced by Plaintiff in Paragraph 7, defines

5 "common carrier" and not "person", and thus DIRECTV denies that DIRECTV can be a "person"

6 as defined by that subsection.

7     8.    DIRECTV admits the allegations in Paragraph 8.

8     9.    DIRECTV lacks sufficient information to confirm or deny the allegations contained

9 in Paragraph 9, and on that basis denies these allegations.

10     10.    Paragraph 10 contains legal conclusions, not factual allegations, to which no

11 response is required. Moreover, Plaintiff does not allege that she heard an artificial or prerecorded

12 voice, but rather alleges that she is "informed" and thus "believes" she heard such a voice. Such a

13 statement is not a factual allegation that requires a response. To the extent that a response is

14 required, DIRECTV denies the allegations in Paragraph 10.

15     11.    DIRECTV lacks sufficient information to confirm or deny the allegations in

16 Paragraph 11, and on that basis denies these allegations.

17     12.    Paragraph 12 contains a legal conclusion, not factual allegations, to which no

18 response is required. To the extent that a response is required, DIRECTV denies the allegations in

19 Paragraph 12.

20     13.    DIRECTV lacks sufficient information to confirm or deny the allegations in

21 Paragraph 13, and on that basis denies these allegations.

22     14.    Paragraph 14 contains a legal conclusion, not factual allegations, to which no

23 response is required. To the extent that a response is required, DIRECTV denies the allegation in

24 Paragraph 14.

25     15.    Paragraph 15 contains a legal conclusion, not factual allegations, to which no

26 response is required. To the extent that a response is required, DIRECTV denies the allegation in

27 Paragraph 15.

28

## CLASS ACTION ALLEGATIONS

16. While DIRECTV does not dispute that Plaintiff has asserted putative classwide claims in Paragraph 16, DIRECTV denies that Plaintiff's claims are proper for classwide treatment.

17. Paragraph 17 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 17. DIRECTV further denies that class certification is proper.

18. Paragraph 18 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 18. DIRECTV further denies that class certification is proper.

19. Paragraph 19 contains legal conclusions, not factual allegations, to which no response is required. To the extent that any allegations in this Paragraph are facts asserted by Plaintiff about her own cellular telephone account and service, DIRECTV lacks sufficient information to confirm or deny whether Plaintiff would incur cellular telephone charges or reduced telephone time upon receipt of a telephone call or when retrieving a message, and on that basis denies these allegations. DIRECTV further lacks such information about putative class members, as such information can only be discovered through individual inquiries of each putative class member, and on that basis denies these allegations. DIRECTV further denies that class certification is proper.

20. Paragraph 20 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 20. DIRECTV further denies that class certification is proper.

21. DIRECTV denies Plaintiff's allegation that her proposed class can be identified through DIRECTV's records. The remainder of Paragraph 21 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 21. DIRECTV further denies that class certification is proper.

22. Paragraph 22 and each of its subparts a through c contain legal conclusions, not

factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 22 and each of its subparts a through c. DIRECTV further denies that class certification is proper.

23. Paragraph 23 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 23. DIRECTV further denies that class certification is proper.

24. Paragraph 24 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 24. DIRECTV further denies that class certification is proper.

25. Paragraph 25 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 25. DIRECTV further denies that class certification is proper.

26. Paragraph 26 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 26. DIRECTV further denies that class certification is proper.

27. Paragraph 27 contains legal conclusions, not factual allegations, to which no response is required. To the extent a response is required, DIRECTV denies the allegations in Paragraph 27. DIRECTV further denies that class certification is proper.

**FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer**
**Protection Act 47 U.S.C. § 227 Et Seq.**

28. DIRECTV hereby incorporates by reference Paragraphs 1 through 27 of its Answer as though fully stated herein.

29. Paragraph 29 contains legal conclusions, not factual allegations, to which no response is required. To the extent that a response is required, DIRECTV denies the allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions, not factual allegations, to which no response is required. To the extent that a response is required, DIRECTV denies the allegations in Paragraph 30.

1    31.    Paragraph 31 contains legal conclusions, not factual allegations, to which no
2 response is required.  To the extent that a response is required, DIRECTV denies the allegations in
3 Paragraph 31.

**SECOND CAUSE OF ACTION**
**Knowing And/Or Willful Violations Of The**
**Telephone Consumer Protection Act**
**47 U.S.C. § 227 Et Seq.**

7    32.    Defendant hereby incorporates by reference Paragraphs 1 through 31 of its Answer
8 as though fully stated herein.

9    33.    Paragraph 33 contains legal conclusions, not factual allegations, to which no
10 response is required.  To the extent that a response is required, DIRECTV denies the allegations in
11 Paragraph 33.

12    34.    Paragraph 34 contains legal conclusions, not factual allegations, to which no
13 response is required.  To the extent that a response is required, DIRECTV denies the allegations in
14 Paragraph 34.

15    35.    Paragraph 35 contains legal conclusions, not factual allegations, to which no
16 response is required.  To the extent that a response is required, DIRECTV denies the allegations in
17 Paragraph 35.

18    36.    Answering Plaintiff's Prayer for Relief as stated in Paragraphs 36 through 40 of the
19 Complaint, DIRECTV denies that Plaintiff is entitled to judgment in her favor on any of her
20 claims, and denies that she is entitled to any of the relief she requests or to a jury trial.  DIRECTV
21 denies any factual allegations asserted in Paragraphs 36 through 40.

**DIRECTV'S AFFIRMATIVE DEFENSES**

23    By setting forth these affirmative defenses, DIRECTV does not assume the burden of
24 proving any fact, issue, or element of a claim for relief where such burden properly belongs to
25 Plaintiff.  Moreover, nothing stated herein is intended to be construed as an acknowledgement that
26 any particular issue or subject matter is relevant to Plaintiff's allegations.  Nor shall anything
27 stated or unstated constitute an admission of any kind.

## FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim)

The Complaint fails to state sufficient facts to constitute a cause of action against DIRECTV.

## SECOND AFFIRMATIVE DEFENSE

(Injury Caused By Third Parties)

Plaintiff's claims against DIRECTV are barred because any harm allegedly suffered by Plaintiff was caused and/or contributed to by third parties over whom DIRECTV has no control with respect to the time, means, method, or manner by which they conduct business.

## THIRD AFFIRMATIVE DEFENSE

(Statute Of Limitations)

Plaintiff's claims are barred in part or in whole by the statute of limitations applicable to her action.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff lacks standing to assert the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Compliance With Applicable Law)

Plaintiff's claims are barred because DIRECTV's conduct is not unlawful in that DIRECTV complies with applicable statutes and regulations.

## SIXTH AFFIRMATIVE DEFENSE

(Consent)

Plaintiff's claims are barred because Plaintiff and/or putative class members consented to and/or gave permission for any telephone solicitations.

## SEVENTH AFFIRMATIVE DEFENSE

(Established Business Relationship)

Plaintiff's claims are barred because Plaintiff and/or putative class members have established business relationships with DIRECTV and/or others.

**EIGHTH AFFIRMATIVE DEFENSE**

(Class Certification Improper)

Class certification of this suit is improper, and thus class certification should be denied and all references to a class action stricken from Plaintiff's Complaint.

**NINTH AFFIRMATIVE DEFENSE**

(Not Willful and/or Knowing)

Plaintiff's claims are barred because DIRECTV did not engage in willful and/or knowing misconduct.

**TENTH AFFIRMATIVE DEFENSE**

(Unique Affirmative Defenses)

DIRECTV has unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. DIRECTV reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Mootness)

Plaintiff's claims are moot.

**TWELFTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff's claims are barred in part or in whole by the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff's claims are barred in part or in whole by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff's claims are barred in part or in whole by the doctrine of waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's claims are barred in part or in whole by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Other Affirmative Defenses)

DIRECTV lacks sufficient information of all the facts and evidence surrounding the subject incident and is therefore unable to ascertain at this time any additional affirmative defenses which DIRECTV may have. Therefore, DIRECTV expressly reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

**DIRECTV'S PRAYER FOR RELIEF**

WHEREFORE, DIRECTV respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice as to DIRECTV;

2. Order that Plaintiff take nothing by reason of her Complaint, that Plaintiff is entitled to no relief, and that judgment be rendered in favor of DIRECTV;

3. Award DIRECTV its costs and expenses incurred in connection with this action; and

4. Grant DIRECTV such other relief as the Court deems proper.

Dated: July 28, 2008                KIRKLAND & ELLIS LLP


By: s/ Becca Wahlquist
    Becca Wahlquist
    Attorney for Defendant DIRECTV, Inc.
    E-mail: bwahlquist@kirkland.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **DIRECTV, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of said filing to the following counsel of record:

>Robert Lyman Hyde
>bob@westcoastlitigation.com
>
>Joshua B. Swigart
>josh@westcoastlitigation.com

I further certify that I have mailed by United States Postal Service the document to the non-CM/ECF participant:

>Douglas J. Campion (SBN 75381)
>LAW OFFICES OF DOUGLAS J. CAMPION
>411 Camino Del Rio South, Suite 301
>San Diego, CA 92108
>Email: doug@djcampion.com

Executed July 28, 2008, at Los Angeles, California.

>s/Becca Wahlquist
>Attorney for Defendant DIRECTV, Inc.
>E-mail: bwahlquist@kirkland.com